IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRAIG DILL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-17-332-JHP-SPS |
| ) | |
| COMMISSIONER of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Craig Dill requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was forty-eight years old at the time of the administrative hearing (Tr. 23). He completed high school, and has worked as a derrick worker (Tr. 17, 226). The claimant alleges inability to work since an amended alleged onset date of April 25, 2014, due to high blood pressure, Hepatitis C, diabetes, neuropathy, left-eye blindness, and ankles (Tr. 225).

### Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on March 31, 2015. His applications were denied. Following an administrative hearing, ALJ James Bentley found that the claimant was not disabled in a written opinion dated August 4, 2016 (Tr. 11-18). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1581.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the ability to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, that he could lift/carry up to twenty pounds occasionally and ten pounds frequently, sit for up to six hours and stand/walk for up to six hours in an eight-hour workday, but that he required a sit/stand option defined as a temporary change in

position from sitting to standing no more than once every twenty minutes, without leaving the workstation so as not to diminish pace or production. Additionally, he limited the claimant to occasionally climbing ramps/stairs, and avoiding normal workplace hazards (such as doors left ajar and boxes on the floor), as well as avoiding unprotected heights and dangerous moving machinery (Tr. 14). The ALJ concluded that even though the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, small products assembler, inspector packer, and electric accessory assembler (Tr. 16-18).

### Review

The claimant contends that the ALJ erred by: (i) failing to properly evaluate his RFC, and (ii) failing to properly account for his nonsevere impairments. As to the first contention, the claimant specifically asserts that the ALJ failed to conduct a function-by-function assessment, improperly rejected a consultative examiner's opinion, failed to account for limitations related to his ankle injury and vision loss, and did not account for his use of a cane. None of these contentions are ultimately persuasive, and the decision of the Commissioner should therefore be affirmed.

The ALJ found the claimant had the severe impairments of Hepatitis C, left eye blindness, diabetes mellitus with neuropathy, severe left ankle sprain, moderate spondylosis of the thoracic spine, and obesity, as well as the nonsevere impairment of headaches (Tr. 13). The medical evidence in the record reflects that the claimant lost his left eye in the 1990s due to an incident involving battery acid in his face (Tr. 294). Additionally, he was diagnosed with Hepatitis C in 2013, and he was referred for treatment

(Tr. 287). He also suffered from headaches but reported a marked improvement in them on November 19, 2013 (Tr. 287).

The claimant injured his ankle in early 2015, and a February 3, 2015 x-ray revealed soft tissue swelling (Tr. 318). He was assessed with a left ankle sprain and pain and told to stay off the ankle for two or three days to let it heal (Tr. 322). He continued to report pain and swelling in the ankle, however, and it was eventually classified as a chronic ankle sprain (Tr. 363-365, 378-381). There is a reference to a referral for an MRI of the ankle in the record, but those records, if they exist, were not made part of the administrative record in this case (Tr. 381).

On June 12, 2015, Dr. Christopher Sudduth, M.D., conducted a physical consultative examination of the claimant (Tr. 349-351). Dr. Sudduth noted that the claimant was blind in the left eye, but that his right eye had 20/20 visual acuity (Tr. 350). He stated that the claimant could not perform portions of the physical exam due to left foot pain, and that the claimant was unable to move the left ankle (Tr. 350). He further noted that the claimant's gait was safe and stable, that he used a cane to ambulate, that he was unable to stand in one spot due to pain the left foot, and that he could not perform heel/toe walking (Tr. 351). He then stated that the claimant was unable to work due to significant visual impairment (Tr. 351).

A state reviewing physician determined that the claimant was capable of performing the full range of light work (Tr. 72-73). This was affirmed on reconsideration (Tr. 89-90).

In his written opinion, the ALJ discussed the claimant's hearing testimony, as well as all the evidence in the record. As to the hearing testimony, ALJ noted that the claimant

worked for years following his vision impairment (Tr. 15). Specifically, he noted treating records from 2015 indicating that the claimant's left ankle injury limited his range of motion, but that his diabetes was under good control, and he denied headache, fainting, dizziness, and tingling (Tr. 15). Although his blood pressure was elevated in 2015, it was shown to be at goal or only slightly elevated since November 2015 (Tr. 15-16). He noted Dr. Sudduth's consultative exam finding but gave it little weight because the claimant's right eye had excellent visual acuity (Tr. 16). He further gave significant weight to the state reviewing physician opinions, but further limited the claimant with a sit/stand option in light of persistent allegations of ankle pain and swelling (Tr. 16).

The claimant first asserts that the ALJ erred in assessing his RFC. As part of that argument, he contends that the ALJ erred in disagreeing with Dr. Sudduth's statement that the claimant could not work in light of his visual impairment. "An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or

not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-1301 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

The undersigned Magistrate Judge finds that the ALJ's treatment of Dr. Sudduth's conclusion was appropriate, where he noted Dr. Sudduth's statement but found it unpersuasive in light of the claimant's long work history following the 1990s-era eye injury that was purportedly disabling. Thus, the ALJ's opinion was sufficiently clear for the Court to determine the weight he gave to the opinions, as well as sufficient reasons for the weight assigned. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("The ALJ provided good reasons in his decision for the weight he gave to the treating sources' opinions. Nothing more was required in this case."), *citing* 20 C.F.R. § 404.1527(d)(2).

An RFC has been defined as "what an individual can still do despite his or her limitations." Soc. Sec. R. 98-6p, 1996 WL 374184, at *2 (July 2, 1996). It is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Id.* This includes a discussion of the "nature and extent of" a claimant's physical limitations including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)." 20 C.F.R. §§ 404.1545(b), 416.945(b). Further, this assessment requires the ALJ to make findings on "an individual's

ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" and to "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Soc. Sec. R. 98-6p, 1996 WL 374184, at *1, 7. Here, the ALJ has fulfilled his duty. The claimant essentially combines his argument as to Dr. Sudduth with the RFC argument, but the undersigned Magistrate Judge has already determined that the ALJ properly declined to assign weight to that opinion, and many of his remaining arguments about evidence the ALJ purportedly ignored are actually related to the claimant's own reports, not medical findings.

The claimant nevertheless further asserts that the evidence does not support a finding that he can stand/walk for six hours total during an eight-hour workday in light of his ankle injury and use of a cane. Contrary to claimant's arguments, however, the ALJ discussed all the evidence in the record and his reasons for reaching the RFC. *Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). Despite claimant's argument to the contrary, the evidence does not reflect a limitation of time for how long the claimant can walk. Furthermore, he has pointed to no medical documentation, much less a prescription, establishing the need for such a device. *See Staples v Astrue*, 329 Fed. Appx. 189, 191-192 (10th Cir. 2009) ("The standard described

in SSR 96-9p does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of [his] RFC.  Instead, [he] only needs to present medical documentation establishing the need for the device.  The ALJ therefore erred in relying on [the claimant's] lack of a prescription for a cane."). Because he points to no evidence other than his own assertion that he cannot walk six hours in an eight-hour workday, the undersigned Magistrate Judge declines to find an error here. *See Garcia v. Astrue*, 2012 WL 4754919, at *8 (W.D. Okla. Aug. 29, 2012) ("Plaintiff's mere suggestion that a 'slow' gait might adversely affect his ability to perform the standing and walking requirements of light work is not supported by any authority.").

The claimant also contends that the ALJ erred by failing to account for his nonsevere impairments of headaches, blurry vision, uncontrolled blood pressure, and frequent urination.  In this case, the ALJ noted and fully discussed all of the findings of the claimant's various treating, consultative, and reviewing physicians, including the records related to the claimant's hypertension, headaches, and blood pressure (Tr. 17-21).  The Court finds that when all the evidence is taken into account, the conclusion that the claimant could perform light work with the aforementioned limitations is well supported by substantial evidence.  *See Hill*, 289 Fed. Appx. at 293 ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding.  We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).  The undersigned Magistrate Judge finds no error in the ALJ's failure to include any additional

limitations in the claimant's RFC. *See, e. g., Best-Willie v. Colvin,* 514 Fed. Appx. 728, 737 (10th Cir. 2013) ("Having reasonably discounted the opinions of Drs. Hall and Charlat, the ALJ did not err in failing to include additional limitations in her RFC assessment.").

The ALJ specifically noted every medical record available in this case, gave reasons for his RFC determination and ultimately found that the claimant was not disabled. *See Hill*, 289 Fed. Appx. at 293 ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard*, 379 F.3d at 949. This was "well within the province of the ALJ." *Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir.2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), *citing* 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946. The essence of the claimant's appeal is that the Court should reweigh the evidence and reach a different result, which the Court simply may not do. *See, e. g., Casias*, 933 F.2d at 800. Accordingly, the decision of the Commissioner should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that

the Court AFFIRM the decision of the Commissioner.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

    **DATED** this 1st day of March, 2019.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**